UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #·
DATE FILED: SEP 0 7 2006

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CITIBANK, N.A.,                            :

                Plaintiff,          :            05 Civ. 8144 (PAC)

   - against -                          :            MEMORANDUM
                               OPINION & ORDER

LUIS GERMAN OSORNO,                         :

            Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Citibank, N.A. ("Citibank") moves for summary judgment, prior to any discovery, against Defendant Luis German Osorno ("Osorno") on its claim for the outstanding balance of a promissory note (the "Note"), plus interest and expenses incurred. Because genuine issues of material fact exist, the Defendant's motion is denied.

Summary judgment may be granted against a party who has not had the opportunity to conduct discovery "[o]nly in the rarest of cases." Hellstrom v. U.S. Dept. of Veterans Affairs, 201 F.3d 94, 97 (2d. Cir. 2000). This is not such a case.

The only material facts to which the parties agree are that Osorno, the Executive Vice President of Molinos Del Causa S.A. ("Molinos"), a Colombian corporation, signed the Note representing a loan to Molinos twice, once over his title and a second time over his Colombian identification number. Citibank alleges that both parties intended and understood Osorno's second signature to be made in his personal capacity. Osorno alleges that both parties intended and understood the Note to be a purely corporate obligation, and his second signature to be for purposes of authentication according to Colombian commercial practices. Osorno presents his own sworn affidavit,

the affidavit of Molinos' corporate treasurer, stating his understanding that the Note was a purely corporate transaction, and the affidavit of a Colombian attorney supporting Osorno's assertions regarding Colombian practices.

New York Uniform Commercial Code § 3-403(2)(b) mandates that a corporate representative signing an instrument "is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity" except "as otherwise established between the immediate parties."[1] In Rotuba Extruders, Inc. v. Ceppos, 46 NY.2d 223, 229 (1978) the Court of Appeals held that to invoke the exception, the signer must demonstrate the other party's knowledge that the signature was made only in a representative capacity, and that "the mere self-serving allegation of the signer's subjective intent" was insufficient to defeat summary judgment. The evidence provided by Osorno rises above that level, and is sufficient to support a reasonable inference that Citibank understood and intended that Osorno's signature be made only in a representative capacity. This raises genuine issues of material fact which precludes granting summary judgment. Fed. R. Civ. P. 56.

Plaintiff's motion for summary judgment is DENIED. The parties are granted 90 days to complete all depositions and discovery of Citibank's credit file

---

[1] Osorno argues that Colombian law properly applies to the question of his personal liability on the Note. The Court does not resolve that dispute here, in light of Citibank's failure to meet its burden for summary judgment under New York law.

regarding Molinos and/or Osorno, any relevant Citibank manuals or policies regarding

loans in Colombia, and any other materials relevant to this matter.

Dated:  New York, New York
         September 7, 2006

SO ORDERED

PAUL A. CROTTY
United States District Judge